## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 18-20104
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

February 26, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JULIO CESAR VASQUEZ-RODRIGUEZ,

Defendant-Appellant

————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CR-404-1

————

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Julio Cesar Vasquez-Rodriguez appeals the sentence imposed after he pleaded guilty to illegal reentry after a prior deportation. Citing *Peugh v. United States*, 569 U.S. 530 (2013), he argues that the district court violated the Ex Post Facto Clause by applying the 2016 Sentencing Guidelines in determining his sentencing guidelines range because the 2015 Sentencing Guidelines, which were in effect at the time he was found to be residing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

illegally in the United States, would have resulted in a lower sentencing guidelines range.

We review the district court's application of the Guidelines de novo. *United States v. Rodarte-Vasquez*, 488 F.3d 316, 322 (5th Cir. 2007). While this appeal was pending, we held that the Texas offense of burglary is not a generic burglary offense. *United States v. Herrold*, 883 F.3d 517, 520-37, 541-42 (5th Cir. 2018) (en banc), *petition for cert. filed* (Apr. 18, 2018) (No. 17-1445) *and* (May 21, 2018) (No. 17-9127). Therefore, under the 2015 Guidelines, Vasquez-Rodriguez would not be subject to a 16-level enhancement of his offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2015) based on his prior burglary conviction. *See id.*; *United States v. Godoy*, 890 F.3d 531, 536 n.16 (5th Cir. 2018). Thus, Vasquez-Rodriguez's guidelines range under the 2015 Guidelines would have been less than his guidelines range under the 2016 Guidelines. *Herrold* is the controlling law in this circuit at this time and, therefore, the district court committed reversible error in applying the 2016 Guidelines in violation of the Ex Post Facto Clause. *See Peugh*, 569 U.S. at 533; *see also United States v. Broussard*, 669 F.3d 537, 553-55 (5th Cir. 2012).

Vasquez-Rodriguez also argues that the district court erred in entering a judgment under 8 U.S.C. § 1326(b)(2) because his Texas burglary conviction does not qualify as an aggravated felony in light of *Sessions v. Dimaya*, 138 S. Ct. 1204, 1223 (2018). "While *Dimaya* does not forbid using [18 U.S.C.] § 16(b) to calculate recommended sentences under the nonbinding Guidelines, . . . *Dimaya* very clearly speaks to situations where a sentencing maximum or minimum is statutorily fixed." *Godoy*, 890 F.3d at 541-42. The district court therefore erred in entering a judgment reflecting a sentence pursuant to § 1326(b)(2), which provides for a maximum prison term of 20 years, based on the now-unconstitutional definition of "aggravated felony" found in § 16(b). *See id.* at 542.

No. 18-20104

Accordingly, the sentence is VACATED and the case is REMANDED to the district court for resentencing.